UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VIDERAY TECHNOLOGIES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> VIKEN DETECTION CORP., <br><br> Defendant. | Civil Action No. 23-13035-PBS |

ORDER ON PLAINTIFFS' MOTION TO COMPEL
[Docket No. 56]

July 24, 2025

Boal, M.J.

Plaintiffs Videray Technologies, Inc. and Tek84, Inc. have moved to compel defendant Viken Detection Corp. to serve further answers to Interrogatories 3, 7, and 9-11 and for sanctions. Docket No. 56.[1] After careful review of the parties' submissions, as well as the arguments made at the July 23, 2025, hearing, this Court rules as follows.

*Interrogatory No. 3*. Viken relies on Rule 33(d) of the Federal Rules of Civil Procedure in its answer to this interrogatory. See Docket No. 58-2 at 5.[2] Viken, however, has not complied with Rule 33(d). Among other things, it has not identified the documents from which the answer

---

[1] Judge Saris referred the motion to the undersigned on May 20, 2025. Docket No. 91.

[2] Citations to "Docket No. ___" are to documents appearing on the Court's electronic docket. They reference the docket number assigned by CM/ECF, and include pincites to the page numbers appearing in the top right corner of each page within the header appended by CM/ECF.

1

can be derived. Viken shall serve a supplemental answer to this interrogatory that complies with Rule 33(d).

*Interrogatory No. 7*. Interrogatory No. 7 seeks information regarding Viken's decision to list Paul Bradshaw as an inventor in the '064 provisional application but not as an inventor of the Patents-In-Suit. See id. at 8. Viken maintains that information responsive to this request is privileged. Docket No. 59 at 7. Viken cannot hide behind privilege claims, however, in order to fail to provide the facts relevant to its determination that Bradshaw was not an inventor. Viken shall supplement its answer to this interrogatory.

*Interrogatory No. 9*. Interrogatory No. 9 seeks information about the conception of the Patents-in-Suit "on a claim-by-claim and element-by-element" basis. Docket No. 58-2 at 9. Viken objects to the interrogatory on the basis that information as to conception of "elements" of a claimed invention is "nonsensical." Docket No. 59 at 8. While a conception of each "element" may be incorrect, conception of claims appears to be supported by the law. See Vapor Point, LLC v. Moorhead, 832 F.3d 1343, 1348-1349 (Fed. Cir. 2016) ("All inventors, even those who contribute to only one claim or one aspect of one claim of a patent, must be listed on that patent."). In addition, to the extent that Viken relies on its answer to Interrogatory No. 1, that answer does not fully answer Interrogatory No. 9. Accordingly, Viken must serve a supplemental answer to Interrogatory No. 9.

*Interrogatory No. 10*. Interrogatory No. 10 also seeks information about the conception of the Patents-in-Suit "on a claim-by-claim and element-by-element" basis. Docket No. 58-2 at 10. Viken must also serve a supplemental answer to Interrogatory No. 10. In addition, it must make Mr. Hamilton's lab notebook available for inspection by Plaintiffs' lawyers and/or experts.

3

*Interrogatory No. 11*.  It appears that Interrogatory No. 11 calls for privileged information.  Accordingly, the motion is denied with respect to this interrogatory.

*Sanctions*.  This Court declines to award sanctions.

Any supplemental answers compelled by this order shall be served within two weeks.

**So Ordered**.

                                         /s/ Jennifer C. Boal
                                         JENNIFER C. BOAL
                                         U.S. MAGISTRATE JUDGE